**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GARCIA, Special Administrator and Guardian ad Litem on behalf of Estate of Genesis Acosta-Garcia, on behalf of Sandra Acosta-Garcia; SANDRA ACOSTA-GARCIA; GENESIS ACOSTA-GARCIA, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CLARK COUNTY, NEVADA; CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; RICK HORNER; VICTORIA HORNER, <br><br> Defendants - Appellees. | No. 09-17745 <br><br> D.C. No. 2:07-cv-01507-RCJ-PAL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted April 13, 2011**
San Francisco, California

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS and RAWLINSON, Circuit Judges, and CARNEY, District Judge.***

Maria Garcia (Maria), as Special Administrator to the Estate of her deceased granddaughter, Genesis Acosta-Garcia (Genesis), and as Guardian ad Litem to her minor daughter, Sandra Acosta-Garcia (Sandra), brought claims pursuant to 42 U.S.C. § 1983 and state negligence claims against Clark County, Nevada and its Department of Family Services (collectively, County), and Genesis' foster parents, Victoria and Rick Horner (Horners), arising from Genesis' death while she was in protective custody. Maria appeals the district court's denial of her request pursuant to Federal Rule of Civil Procedure (FRCP) 56(f)[1] to continue discovery and amend the complaint to identify Doe defendants. She also challenges the grant of summary judgment in favor of all defendants.

---

*** The Honorable Cormac J. Carney, District Judge for the U.S. District Court for Central California, Santa Ana, sitting by designation.

[1]The amendments to FRCP 56 effective December 1, 2010 moved the provisions of subdivision (f) to subdivision (d), without substantial change. *Compare* Fed. R. Civ. P. 56(f) (2009), *with* Fed. R. Civ. P. 56(d) (2010); *see* Fed. R. Civ. P. 56(d) (advisory committee notes regarding 2010 Amendments). We refer to FRCP 56(f) because the district court entered summary judgment in November, 2009, before the effective date of the amendments.

**1.** The district court did not abuse its discretion when it denied Maria's request to conduct additional discovery because the request failed to specify the essential facts Maria hoped to obtain and how those facts would preclude summary judgment. *See Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Moreover, Maria "failed diligently to pursue discovery in the past." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (citation omitted).

Neither did the district court abuse its discretion when it denied Maria leave to amend the complaint to identify the Doe defendants. Maria had ample opportunity prior to the time defendants moved for summary judgment to conduct reasonable discovery, identify these defendants, and seek leave to amend the complaint to name them properly. *Cf. Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980) (holding that the district court abused its discretion when it denied the opportunity to conduct reasonable discovery to identify the Doe defendants).

**2.** The district court properly granted summary judgment in favor of the County on Maria's claims alleging deliberate indifference to the liberty interests of Maria, Sandra, and Genesis as protected by the Fourteenth Amendment's substantive due process clause. *See Tamas v. Dep't. of Soc. & Health Servcs.*, 630

3

F.3d 833, 842 (9th Cir. 2010) (recognizing that "[t]he Fourteenth Amendment substantive due process clause protects a foster child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent") (citations omitted).

Maria failed to raise a triable issue of fact regarding whether Sandra's, Maria's, or Genesis' constitutional rights were violated, and whether a County policy or custom was the moving force behind the violation. *See Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000), *as amended*; *see also Monell v. Dep't. of Soc. Servcs.*, 436 U.S. 658, 694 (1978) (articulating the standard for municipal liability). Although the record reflects that the County's child welfare system had systemic shortcomings, Maria failed to raise a genuine issue of material fact that these shortcomings caused Genesis' death. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1024 (9th Cir. 2008) (explaining that the plaintiff must demonstrate a link between the defendant's conduct and the claimed injury). Maria's contention that County policies authorize unconstitutional conduct in the abstract is "quite beside the point[]" with respect to the County's liability pursuant to 42 U.S.C. § 1983. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1147 (9th Cir. 2009) (citation omitted).

**3.** The district court properly granted summary judgment in favor of the County on Maria's negligence claims because Maria failed to present a genuine issue of material fact concerning her allegation that the County breached its duty of care or proximately caused Genesis' death. Although Genesis' death was tragic, Maria could not point to a specific action or inaction on the part of the County that caused Genesis' death. The County also was entitled to quasi-judicial immunity for performing functions connected with the judicial process of placing Genesis in protective custody. *See State v. Second Judicial Dist. Court ex rel. Cnty. of Washoe*, 55 P.3d 420, 426 (Nev. 2002) (per curiam).

**4.** The Horners were entitled to summary judgment. The record evidence demonstrates that the Horners fulfilled their duty of reasonable care throughout Genesis' placement in their home, and that Virginia Horner acted reasonably in monitoring Genesis' health and attempting to secure prompt medical attention for Genesis.

**AFFIRMED.**